In re AM INTERNATIONAL, INC. SECURITIES LITIGATION.

Lou RONCARATI, and Ronald Roncarati, on behalf of themselves and all others similarly situated, Plaintiffs,

v.

Roy L. ASH, John P. Birkelund, James R. Mellor, Robert H. Lander, James H. Combes, Paul E. Gray, Arthur F. Kelly, Richard Paget, C.L. Davis, W.R. Driver, F.R. Eckley, H. Knowlton, R.Q. Armington, R.E. Murphy, P.E. Priest, Price Waterhouse, Price Waterhouse (United Kingdom), Price Waterhouse (Australia), Price Waterhouse (Canada), Price Waterhouse International, Blanchard Chauveau Et Associes Sa, Defendants.

MDL No. 494 (JES).

United States District Court,
S.D. New York.

Nov. 13, 1984.

David B. Gold, A Professional Law Corp., San Francisco, Cal., for plaintiffs; David B. Gold, Richard A. Rogoff, San Francisco, Cal., of counsel.

Kaye, Scholar, Fierman, Hays & Handler, New York City, for defendant Ash; David Klingsberg, Milton Sherman, New York City, of counsel.

Freedman, Levy, Kroll & Simonds, Washington, D.C., for defendant Mellor; Michael I. Smith, Thomas C. Lauerman, Marc B. Dorfman, Washington, D.C., of counsel.

Finley, Kumble, Wagner, Heine, Underberg & Casey, New York City, for defendant Lander; Stuart K. Lesansky, Michael D. Dempsey, Lawrence J. Blades, Elizabeth D. Mann, New York City, of counsel.

Paul, Hastings, Janofsky & Walker, Los Angeles, Cal., Burns, Summit Rovins & Feldesman, New York City, for defendant Combes; William Campbell, Todd E. Gordinier, Los Angeles, Cal., Stuart A. Summit, Ira G. Greenberg, New York City, of counsel.

Fried, Frank, Harris, Shriver & Jacobson, New York City, for defendants Gray & Driver.

Cahill Gordon & Reindel, New York City, for defendants Birkelund, Knowlton, Kelly and Paget; Thomas F. Curnin, Thomas R. Jones, Joel E. Davidson, New York City, of counsel.

LeBoeuf, Lamb, Leiby & MacRae, New York City, for defendant Priest; Taylor R. Briggs, William G. Primps, Lawrence W. Pollack, New York City, of counsel.

Donovan, Leisure, Newton & Irvine, New York City, for defendant Price Waterhouse; Louis C. Lustenberger, Jr., David R. Jewell, Daniel J. Thomasch, Eldon Olson, General Counsel, Allen I. Young, Associate General Counsel, New York City, of counsel.

Olwine, Connelly, Chase, O'Donnell & Weyher, New York City, for defendants Price Waterhouse (United Kingdom, Australia, Canada); Price Waterhouse World Firm and Blanchard Chauveau; James E. Tolan, Christopher Brady, Erica B. Baird, New York City, of counsel.

## OPINION & ORDER

SPRIZZO, District Judge:

Plaintiffs Lou and Ron Roncarati filed this action on behalf of all persons who allegedly lost money in connection with stock purchased in AM International, Inc. ("AMI") between May 1, 1978 and September 16, 1979. Plaintiffs originally sued to represent a class of purchasers who bought stock between May 1, 1978 and September 23, 1981. Because another class action is pending covering the period of September 17, 1979 to September 23, 1981, see *Dubowski v. Ash*, 82 Civ. 1732, the Court limited the *Roncarati* class period to purchases made prior to September 17, 1979. Therefore, this action is limited to claims based upon AMI's Annual Report and Form 10–K for 1978, and 1978 interim financial state-

ments and Form 10–Qs. *See* Amended Complaint ¶ 61(a) & (d).

Defendants are officers and directors of AMI, some of whom were members of AMI's Audit Committee; Price Waterhouse, AMI's independent auditor for fiscal 1978; and various foreign Price Waterhouse firms. The action was transferred to this Court on April 20, 1982 by order of the Judicial Panel on Multidistrict Litigation, pursuant to 28 U.S.C. § 1407. On January 24, 1983 plaintiffs filed an amended complaint, and on March 3, 1983 plaintiffs filed a motion for class certification.

Seventeen of the twenty-one defendants filed motions to dismiss the amended complaint, for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6) and for failure to plead fraud with the requisite particularity pursuant to Fed.R.Civ.P. 9(b). Five of those defendants—the foreign Price Waterhouse defendants—also filed motions to dismiss for lack of in personam jurisdiction pursuant to Fed.R.Civ.P. 12(b)(2).[1] The Court heard oral argument on the motions on July 18 and 19, 1983. Decision on the motions was stayed at the request of the parties pending possible settlement. In July of 1984 the parties informed the Court that they no longer wished the Court to defer a decision on the motions.

## DISCUSSION

The amended complaint alleges violations of section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b), Rule 10b–5 promulgated thereunder, 17 C.F.R. § 240.-10b–5, and section 20 of the Exchange Act, 15 U.S.C. § 78t, as well as a fraud claim arising under state law, all based upon alleged false statements made with respect to the financial condition of AMI for the 1978 fiscal year.

---

1. Defendants Lander, Birkelund, Kelly, Knowlton, Paget, and Priest also filed motions pursuant to Fed.R.Civ.P. 56. Lander also moved pursuant to Fed.R.Civ.P. 12(c), and Priest moved to strike certain allegations pursuant to Fed.R.Civ.P. 12(f). Because the Court dismisses the amended complaint for failure to plead fraud

with the requisite particularity pursuant to Fed. R.Civ.P. 9(b), it is unnecessary to address these motions. For the same reason the Court need not address the motions to dismiss for lack of in personam jurisdiction or the motion for class certification.

To state a claim of fraud under section 10(b), a plaintiff must allege with some specificity acts from which an intent to deceive, manipulate, or defraud may reasonably be inferred. *Decker v. Massey-Ferguson, Ltd.*, 681 F.2d 111, 115 (2d Cir. 1982), *citing Ernst & Ernst v. Hochfelder,* 425 U.S. 185, 192 n. 7, 96 S.Ct. 1375, 1380 n. 7, 47 L.Ed.2d 668 (1976); *see also Crystal v. Foy,* 562 F.Supp. 422, 424–25 (S.D.N.Y. 1983). Conclusory allegations that a defendant's conduct is fraudulent are insufficient. *Decker, supra,* 681 F.2d at 114; *Crystal, supra,* 562 F.Supp. at 424; *see also Ross v. A.H. Robins Company, Inc.,* 607 F.2d 545, 557 (2d Cir.1979). While the amended complaint may set forth facts with sufficient specificity with respect to the alleged false presentation of AMI's financial condition for years subsequent to 1978,[2] the fraud allegations which relate to fiscal 1978 are too generic and unspecific to be sustained.

In paragraph 56 of the amended complaint, plaintiffs allege that in November 1981 Arthur Anderson issued a Special Investigative Report on AMI which, according to plaintiffs, stated that:

As of the fiscal year ended July 31, 1980, adjustments reducing · reported income should have been made aggregating between $41 and $53 million, plus an uncalculated amount related to intangible assets of Jaquard which ... should also have been written off. Arthur Anderson also reported that a substantial portion of these adjustments should have been recorded in financial statements for fiscal years *prior* to 1980. It further determined that AMI (1) placed "intense" pressure on division operating and ac-

counting management to prepare budgets that were acceptable to top management and to report results consistent therewith, (2) permitted, and in some cases instructed, operating and accounting personnel to *intentionally overstate* reported financial and accounting results, and (3) encouraged nonreporting of adverse accounting information.

Amended Complaint ¶ 56 (emphasis in original). Plaintiffs then allege that on December 17, 1981 AMI announced a loss of $245 million for fiscal 1981, "of which at least $203 million was attributable to special adjustments, a substantial portion of which AMI admitted should have been recorded *in prior* fiscal years." *Id.* ¶ 59.

These generic statements are the sole predicate for plaintiffs' claim that the more particularized allegations of fraud which pertain to 1979 and 1980 should also be deemed to apply to 1978. *See also* Transcript of Oral Argument at 32–34 (July 18, 1983). Moreover, while the impact of the alleged false statements is quantified for other years, as to 1978 plaintiffs' complaint repeatedly asserts only that the impact of the misstatements or omissions was in a "material amount" not yet determined. *See, e.g.,* Amended Complaint ¶¶ 63, 127, 128, 132, 143, 146, 147, 149;[3] *see also id.* ¶ 116–117, 157(a)–(b).

These allegations are clearly insufficient to meet the requirements of Rule 9(b) and *Decker, supra.* This Court cannot draw any permissible inference of fraud with respect to any defendant based on these allegations for the year 1978, especially since it is far more reasonable to conclude that the prior years referred to in the *An-*

---

**2.** On October 9, 1984 the Court denied motions to dismiss by AMI, its internal management, and those directors who were members of its Audit Committee, with respect to the 1979, 1980, and 1981 fiscal years. Therefore the *Dubowski* class action complaint and the complaint in *Madison Fund, Inc. v. Ash,* 81 Civ. 7024, will continue as to these years. The Court also denied a motion by Price Waterhouse with respect to the 1980 year and granted a motion by Price Waterhouse to dismiss claims against it based upon the 1979 and 1981 fiscal years. The Court also granted the motion to dismiss for insuffici-

ency made by Price Waterhouse's foreign subsidiaries as to 1979, 1980, and 1981. *See* Transcript at 8–20 (October 9, 1984).

**3.** In paragraph 63 of the Amended Complaint plaintiffs allege that earnings for fiscal 1978 were overstated in "a material amount not yet calculated, but in excess of $5 million." Because this is the only dollar amount ascribed to fiscal 1978, and because no factual basis is stated to support this allegation, it is clearly insufficient.

*derson* report, are the years 1979 and 1980 as to which specific allegations of fraud are made. As the Second Circuit stated in *Decker, supra,* 681 F.2d at 118, the amended complaint "fails to provide an adequate factual substantiation for its accusations and fails to concretize acceptably the alleged fraud." The amended complaint is therefore dismissed as to all defendants.

It is SO ORDERED.